PERKINS BROTHERS *vs.* ARCHIBALD C. BLAIR.

PROVIDENCE—JANUARY 11, 1901.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Mechanics' Lien.  Executory Contract of Sale.  Undisclosed Principal.*

An executory contract for the sale of land, by the terms of which the vendor consents to the erection of a house upon the land by the vendee, which, when completed, is to become the property of the vendor, and containing an agreement to sell the house and land to the vendee for a certain sum, does not authorize the vendee to buy materials in the name of or on account of the owner. Hence, the right of a material-man to a lien for materials furnished rests upon his compliance with the two steps prescribed by the statute : (1) A notice of intention to claim a lien, either accompanied with the account or not. (2) The filing of the account specifically for the purpose of commencing process.

PETITION FOR A MECHANIC'S LIEN. The respondent entered into agreements with Jonathan W. Cooke, of Cranston, for the conveyance of the lots in question by two separate instruments in writing, dated December 14, 1899, and January 26, 1900, respectively.

By the terms of the first agreement, for the sale of lot No. 192, the respondent agreed to advance to said Cooke the sum of $350 in weekly sums to pay for labor and materials in building a cottage 24 × 28 feet in dimensions on said lot, said Cooke to furnish at his own expense the balance of materials to finish said cottage, and all work on the same to be done before May 16, 1900 ; and therein Cooke agreed to purchase the premises and pay the sum of $500 therefor, as stipulated, within five months from the date of the contract, with inter-

est at six per cent., and upon such full payment the premises were to be conveyed to said Cooke by a proper deed thereof.

The contract further stipulated that upon default upon the part of said Cooke the agreement to sell became void and the vendor thereupon retained all moneys advanced and all improvements placed upon the premises by the vendee.

Under the second agreement, for the conveyance of lot No. 193, the respondent Blair agreed to advance to said Cooke the sum of $500 in weekly sums to pay for labor and materials in building a house on said lot, and said Cooke was to furnish at his own expense the balance of materials to complete the house by June 1, 1900, and said Cooke agreed to purchase said lot No. 193 for the sum of $650 and to pay therefor within five months from the date of the agreement.

The petitioners furnished to Cooke the materials for the houses upon both lots, as required during the progress of the work, and charged the same to him. The amount of their claim for materials actually furnished was $833.77.

DOUGLAS, J. We cannot agree with the petitioner that Blair was the undisclosed principal of Cooke in the purchase of the lumber. The contract between them undoubtedly constituted consent by the owner that Cooke should build a house upon the land, which, when completed, was to become the property of the owner of the land, and it also contained an agreement to sell the land and the house to Cooke for a certain sum of money ; but this did not authorize Cooke to buy material in the name or on account of the owner. The lumber was sold by the petitioner to Cooke ; not to the owner of the land.

The petition itself alleges and is based upon a contract with Cooke as contractor ; not with Blair as owner. This brings the case within the class where the owner is made liable to a lien only by the two steps prescribed by the statute to precede the filing of the petition in court, viz. :

1. A notice of intention to claim a lien, either accompanied with the account or not.

2.   The filing of the account specifically for the purpose of commencing process.

The claim and account, as filed in this case, must be held, under the former decisions of this court, to have satisfied the requirements of the first notice only ; not to have constituted the second step required. *Tingley* v. *White*, 17 R. I. 533. See also *Goff* v. *Hosmer*, 20 R. I. 91.

Hence, proceedings to enforce the lien were not commenced according to the statute, and the petition must be dismissed.

*John W. Hogan*, for petitioners.

*Tillinghast & Tillinghast*, for respondent.